## PENNSYLVANIA PUBLIC UTILITY COMMISSION
## *v.* PENNSYLVANIA RAILROAD CO.

No. 375. Decided December 13, 1965.

*William A. Goichman* and *Joseph C. Bruno* for appellant.

*Hugh B. Cox* and *Windsor F. Cousins* for appellee.

PER CURIAM.

In the three-judge District Court from which this appeal comes to us, the Pennsylvania Railroad Company sued to enjoin the enforcement of a duly promulgated order of the Pennsylvania Public Utility Commission on the sole ground that the order conflicted with a federal statute. The Commission, among other defenses, con-

tended that the federal statute was unconstitutional, but the District Court decided the case in favor of the railroad and issued an appropriate injunction. 240 F. Supp. 233.

It follows from our recent decision in *Swift & Co.* v. *Wickham, ante,* p. 111, that the injunction sought by the railroad, being based on incompatibility between the state order and the federal statute, was not grounded in the "unconstitutionality" of a state measure so as to require a three-judge tribunal under 28 U. S. C. § 2281 (1964 ed.). Nor is § 2282, requiring such a tribunal in order to enjoin "any Act of Congress for repugnance to the Constitution," invoked by the Commission's defense that the federal statute is unconstitutional; it is settled that this provision "does not provide for a case where the validity of an Act of Congress is merely drawn in question, albeit that question be decided, but only for a case where there is an application for an interlocutory or permanent injunction to restrain the enforcement of an Act of Congress." *Garment Workers* v. *Donnelly Co.,* 304 U. S. 243, 250.

Because a three-judge court was not required to adjudicate this suit, this Court has no jurisdiction under 28 U. S. C. § 1253 (1964 ed.) to entertain a direct appeal. It does not appear from the record that the Commission lodged a protective appeal in the Court of Appeals, and the time to do so has almost certainly expired. The appeal to this Court occurred before *Swift & Co.* v. *Wickham, supra,* was decided, and there is no reason why the Commission should be deprived of appellate review. In accordance with precedent, we vacate the judgment below and remand the case to the District Court so that it may enter a fresh decree from which a timely appeal may be taken to the Court of Appeals. See *Phillips* v. *United States,* 312 U. S. 246, 254.

*It is so ordered.*