**Madalyn Murray O'HAIR et al.**

**v.**

**Thomas O. PAINE et al.**

**Civ. A. No. A–69–CA–109.**

United States District Court,
W. D. Texas,
Austin Division.

Dec. 1, 1969.

Concurring Opinion Dec. 8, 1969.

Concurring Opinion Dec. 9, 1969.

Madalyn Murray O'Hair, in pro per.

James H. Anderson, Jr., Baltimore, Md., for plaintiff.

Seagal V. Wheatley, U. S. Atty., San Antonio, Tex., for defendants.

## MEMORANDUM OPINION

ROBERTS, District Judge.

This is an action brought by Madalyn Murray O'Hair, Richard F. O'Hair and the Society of Separationists, Inc., against Thomas O. Paine, individually, and as Administrator of the National Aeronautics and Space Administration [NASA]. The plaintiffs are seeking an order enjoining NASA from (1) doing any act whatsoever which abridges the plaintiffs' freedom from religion or establishes Christianity as the official religion of the United States, and (2) enforcing any policy or regulation which has been heretofore promulgated and which has such above effect. The plaintiffs also seek a temporary restraining

order enjoining the defendants "from doing any act whatsoever which restricts or abridges plaintiffs' freedom from religion and specifically enjoining NASA and its administrator and personnel from further directing or permitting religious activities, or ceremonies and especially the reading of the sectarian Christian religion Bible and from prayer recitation in space and in relation to all future space flight activity." Jurisdiction of the case is founded upon 28 U.S. C. § 1346(a) (2).

Upon request of the plaintiffs, a three-judge court was convened in accordance with Jackson v. Choate, 404 F. 2d 910 (5 Cir., 1968). That Court, consisting of United States Circuit Judge Homer Thornberry, United States District Judge Adrian A. Spears, and United States District Judge Jack Roberts, determined that this case was not properly a three-judge matter. Sardino v. Federal Reserve Bank of New York, 361 F.2d 106 (2 Cir., 1966); Pennsylvania Public Utility Commission v. Pennsylvania Railroad Co., 382 U.S. 281, 86 S. Ct. 423, 15 L.Ed.2d 324 (1965). The case was accordingly remanded to Judge Roberts for decision.

The various plaintiffs are atheists, deists, and believers in the complete separation of church and state. They have asserted the right to bring suit in two separate grounds: (1) taxpayer status; and (2) citizenship status.

In their petition, the plaintiffs have alleged that during the Apollo 8 and Apollo 11 Space Flights, certain astronauts, with the consent or under the orders of NASA, did engage in religious ceremonies in an attempt to establish the Christian religion as the religion of the United States. As a factual basis for such a claim, the plaintiffs have alleged the following: (1) various religious statements were made on television by the astronauts while in space; (2) various items of a religious nature were carried on the spacecraft, thus involving the expenditure of federal funds; (3) certain religious items were deposited on the moon; and (4) the timing of the Apollo 8 flight during the Christmas Season was chosen for religious purposes.

The government has filed a motion to dismiss the plaintiffs' suit for the reason, among others, that the complaint fails to state a cause of action for which relief can be granted. For the reasons set out below, this Court so agrees.

## I.

The plaintiffs have alleged that their First Amendment right of freedom of religion has been abridged. This Court has searched the pleadings in vain to find any allegation of coercion. The plaintiffs have neither been forced to do anything nor prohibited from doing anything.

■ Actually, the plaintiffs have not alleged that their freedom of religion has been abridged but rather that their freedom from religion has been abridged. Apparently, the plaintiffs are claiming that they have a right not to be exposed to religion as they were during the televising of the Apollo 8 flights. This, however, does not amount to coercion, and it is necessary to show a coercive effect to constitute an abridgment of the Free Exercise Clause. Abington School District v. Schempp, 374 U.S. 203, 223, 83 S.Ct. 1560, 10 L.Ed.2d 844 (1962).

■ The plaintiffs have alleged that the astronauts were ordered to perform these religious activities. There may be an element of coercion here, but it is irrelevant because the plaintiffs must show that their own Free Exercise rights were abridged and not another's. A litigant may assert only his own constitutional rights or immunities. United States v. Raines, 362 U.S. 17, 22, 80 S. Ct. 519, 4 L.Ed.2d 524 (1959).

## II.

In Abington School District v. Schempp, *supra*, the Supreme Court fashioned a test for distinguishing between forbidden involvements of the state with religion and those contacts

which the Establishment Clause permits:

> The test may be stated as follows: what are the purpose and the primary effect of the enactment? If either is the advancement or inhibition of religion then the enactment exceeds the scope of legislative power as circumscribed by the Constitution. That is to say that to withstand the strictures of the Establishment Clause there must be a secular legislative purpose and a primary effect that neither advances nor inhibits religion. P. 222, 83 S.Ct. p. 1571.

And in Board of Education of Central School Dist No. 1 v. Allen, 392 U.S. 236, 88 S.Ct. 1923, 20 L.Ed.2d 1060, Justice Harlan stated in a concurring opinion the following:

> where the contested governmental activity is calculated to achieve nonreligious purposes otherwise within the competence of the State, and where the activity does not involve the State "so significantly and directly in the realm of the sectarian as to give rise to * * * divisive influences and inhibitions of freedom," Abington, 374 U.S. at 307, 83 S.Ct. 1560, it is not forbidden by the religious clauses of the First Amendment.

Relying upon the above guidelines, this Court must conclude that the government did not abridge the Establishment Clause under the facts as alleged by the plaintiffs.

■ To begin with, the religious statements of the astronauts while on television were made by the astronauts as individuals and not as representatives of the United States government. There is nothing in the pleadings to indicate otherwise. Furthermore, to have prohibited the astronauts from making these statements would have been a violation of their own religious rights.

■ This same reasoning can be applied to the personal religious items carried by the astronauts of the space flights; this conduct was clearly protected by their own freedom of religion

rights. To have prohibited the astronauts from taking these items would surely have violated their own rights, unless of course the space flight would have been jeopardized.

■ The plaintiffs have alleged that NASA incurred some expense in accommodating the astronauts in this matter and that this was a federal expenditure in furtherance of religion, thus contravening the Establishment Clause. However, both the Abington, supra, and the Allen, supra, cases stand for the proposition governmental activity which benefits religion is permissible if its primary purpose is secular rather than religious and if its primary effect neither advances nor inhibits religion.

The purpose of NASA is obvious: it is solely to accommodate the astronauts, a perfectly legitimate task especially when one considers the seriousness of the mission. Literally, a national effort, consisting of thousands of people, several billion dollars, and ten years, had been expended to achieve the goals of the space program. The astronauts were a key factor in the success of this program, and they were undertaking this mission at great risk to their own lives. It is approaching the ludicrous to hold that NASA could not have incurred this minor and incidental expense in order that the astronauts may attain a greater peace of mind in this serious undertaking.

■ The plaintiffs have also alleged that among the items deposited on the moon were some which had a purely religious significance and that this violated the Establishment Clause. However, there are many public ceremonies which have in them some references to God, and these have been held not to be contrary to the Establishment Clause. In Engel v. Vitale, 370 U.S. 421, 82 S.Ct. 1261, 8 L.Ed.2d 601 (1962), Justice Black said the following:

> There is of course nothing in the decision reached here that is inconsistent with the fact that school children and others are officially encouraged to ex-

press love for our country by reciting historical documents such as the Declaration of Independence which contains references to the Deity or by singing officially espoused anthems which include the composer's professions of faith in a Supreme Being, or with the fact that there are many manifestations in our public life of belief in God. Such patriotic or ceremonial occasions bear no true resemblance to the unquestioned religious exercises that the State of New York has sponsored in this instance.

And in Zorach v. Clauson, 343 U.S. 306, 312, 313, 72 S.Ct. 679, 683, 96 L.Ed. 954, Justice Douglas said:

The First Amendment, however, does not say that in every and all aspects there shall be a separation of Church and State. Rather, it studiously defines the manner, the specific ways, in which there shall be no concert or union or dependency one on the other. That is the common sense of the matter. Otherwise the state and religion would be aliens to each other—hostile, suspicious, and even unfriendly. Churches could not be required to pay even property taxes. Municipalities would not be permitted to render police or fire protection to religious groups. Policemen who helped parishioners into their places of worship would violate the Constitution. Prayers in our legislative halls; the appeals to the Almighty in the messages of the Chief Executive; the proclamations making Thanksgiving Day a holiday; "so help me God" in our courtroom oaths—these and all other references to the Almighty that run through our laws, our public rituals, our ceremonies would be flouting the First Amendment. A fastidious atheist or agnostic could even object to the supplication with which the Court opens each session: "God save the United States and this honorable Court."

■ With regard to the scheduling of the Apollo 8 flight during the Christmas season, it is approaching the absurd to say that this is a violation of the Establishment Clause because of the religious significance of that date. The First Amendment does not require the State to be hostile to religion, but only neutral.

For all the above stated reasons, it is hereby ordered that the motion to dismiss for failure to state a cause of action be, and is hereby, granted.

SPEARS, District Judge (concurring).

I hereby concur in the Memorandum Opinion prepared by Honorable Jack Roberts, and filed on December 1, 1969.

THORNBERRY, Circuit Judge (concurring).

I hereby concur in the Memorandum Opinion prepared by Honorable Jack Roberts and filed on December 1, 1969.