Marjorie Hanson Matson, Pittsburgh, Pa., for plaintiffs.

Donald C. Bush, Griggs, Moreland, Blair & Anderson, Pittsburgh, Pa., for defendants.

Frank E. Coho, Pittsburgh, Pa., for intervening defendants.

**Cyrus F. WOOD and Dorothy J. Brecher, individually and as parent and natural guardian of Amy Brecher, Plaintiffs,**

v.

**MT. LEBANON TOWNSHIP SCHOOL DISTRICT, Allegheny County, Pennsylvania, Defendant,**

**Albert B. Winschel et al., Intervening Defendants.**

**Civ. A. No. 72-398.**

United States District Court, W. D. Pennsylvania.

June 1, 1972.

## OPINION

GOURLEY, District Judge:

This is a civil rights proceeding in which jurisdiction exists pursuant to 28 U.S.C.A. § 1343(3). The Court has conducted a full and complete hearing and has granted motions allowing the intervention of additional parties.

Plaintiffs assert that a violation of their constitutional rights will occur if defendant is not restrained from permitting or directing the pronouncement of an invocation and benediction at high school graduation ceremonies to be conducted June 7, 1972. Specifically, plaintiffs assert that having an invocation and a benediction as parts of the graduation ceremony amounts to establishment of religion, impairment of freedom of religion, and an improper use of tax monies.

■ At the outset a jurisdictional question arises as to whether the defendant is a person under the Civil Rights Statutes. The Court, of course, must zealously guard and oversee the proper use of its jurisdiction to insure that it is neither too frugal nor too generous with its application. As a civil rights matter, the Court must conclude that a proper party defendant has not been named to provide this Court with jurisdiction. Since it is set forth that the proposed action is taken under color of state law, it appears that plaintiffs fall within the jurisdictional ambit of 42 U.S.C.A. § 1983 and thus must satisfy its jurisdictional requirement. It is clear that suit must be brought against a person acting under color of state law to satisfy the jurisdictional requirements of said statute. It is abundantly certain that the named defendant herein is not such a person. Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961); United States ex rel. Gittlemacker v. County of Philadelphia, 413 F.2d 84 (3d Cir. 1969); Martin v. Davison, 322 F.Supp. 318 (W.D.Pa.1971). The fact that there have been named individual defendants as intervenors does not alter this reasoning because said individuals would not have acted, as students and parents of students, under color of state law. Therefore, this Court must conclude that there is no jurisdiction to grant plaintiffs any relief whatsoever.

If, however, the Court is in error in this conclusion, there is an alternate basis for reaching the same result and disposing of the case on the merits.

■ It has been established that the graduation ceremony to be held June 7, 1972 follows and is completely separate and apart from all formal requirements of the school district for graduation. All instruction, examinations, and training will be concluded as of 1:00 P.M., E.D.S.T., on the 7th day of June. Moreover, and this is most significant, the graduation ceremonies are purely voluntary; there is absolutely no compulsion attached to attending the graduation to be eligible to receive a diploma. Indeed, it has been established that the minor plaintiff, Amy Brecher, signed a brief statement, never retracted or revoked, evidencing her intention not to attend the ceremonies. She and some 47 other students plan not to attend for one reason or another; yet, assuming satisfactory completion of all classroom and academic requirements, they will receive all the rights and privileges bestowed on the other 688 seniors. Thus it appears to the Court that graduation ceremonies at Mt. Lebanon Township School District are just that—i. e., they are ceremonial and are in fact not a part of the formal, day-to-day routine of the school curriculum to which is attached compulsory attendance.[1]

It is this aspect which distinguishes the present case from Engel v. Vitale, 370 U.S. 421, 82 S.Ct. 1261, 8 L.Ed.2d 601 (1961) which held that the saying of a state composed prayer was in violation of the Establishment Clause of the First Amendment. What the Court struck down in *Engel* was prayer, albeit denominationally neutral, which was thrust upon students through the use of the public school system. The Court pointed out that " . . . we think that the constitutional prohibition against laws respecting an establishment of religion must at least mean that in this country it is no part of the business of government to compose official prayers for any group of the American people to recite as a part of a religious program carried on by government." Engel v. Vitale, *supra*, at 425, 82 S.Ct. at 1264.

In the present case we do not have what amounts to official prayer nor does it constitute a religious program. There is no governmental stamp of approval placed on the invocation and benediction to be said at the graduation ceremony. In fact, the content of the invocation and benediction is not and cannot be known at this point in time. In any

---

1. See 24 P.S. § 13–1327.

event, such customary remarks are commonplace in our society. See for example the concurring opinion of Justice Douglas in *Engel, supra,* in which various instances of reference to the Deity are recited. These include in part the opening of the Supreme Court, the United States Senate, and the United States House of Representatives. If there is evil in such utterances, it flows from the fact that, in the words of Justice Douglas, " . . . in each of the instances given the person praying is a public official on the public payroll, performing a religious exercise in a governmental institution." *Engel, supra,* at 441, 82 S. Ct. at 1273.

From the teachings of Engel v. Vitale, *supra,* the Court is well aware that the Establishment Clause is violated even though there is no direct government compulsion. But we believe the fact that the graduation ceremony is not compulsory strips the function of any semblance of governmental establishment or even condonation. In the view of this Court, having a member of the clergy, who is in no way compensated by the defendant, pronounce an invocation or benediction at graduation ceremonies which are totally separate from the school routine, does not violate any of plaintiffs' First Amendment rights. Any use of public tax monies in connection with the invocation and benediction appears to be de minimis. In short, plaintiffs would not be harmed monetarily by the brief moments consumed by the invocation and benediction. O'Hair v. Paine, 312 F.Supp. 434 (D.C.Tex. 1969), aff'd per curiam 432 F.2d 66 (5th Cir. 1970), appeal dismissed 397 U.S. 531, 90 S.Ct. 1259, 25 L.Ed.2d 528 (1970), cert. denied 401 U.S. 955, 91 S. Ct. 974, 28 L.Ed.2d 238 (1971).

We think it clear that no infraction of any First Amendment rights will occur because of the opening and closing remarks of clergymen at the graduation exercises. Because there is no compulsion to attend, there is no coercion which would constitute an abridgement of the Free Exercise Clause. Abington School Dist. v. Schempp, 374 U.S. 203, 83 S.Ct. 1560, 10 L.Ed.2d 844 (1962). And finally, even though it arguably may be said that having an invocation and benediction are governmental activities which benefit religion, such activity is permissible if the primary purpose therefor is secular rather than religious and its primary effect neither advances nor inhibits religion. O'Hair v. Paine, *supra.* We must conclude under the facts presented here that the ceremony to be held is primarily secular and that the test as stated above is met. Thus, what we have here in no way constitutes religious instruction.

Accordingly, it is the considered judgment of this Court that plaintiffs' action should be dismissed and the request for preliminary and permanent injunctions should be denied.

Findings of fact and conclusions of law have not been separately stated but are included in the body of the foregoing opinion as specifically authorized by Rule 52(a) of the Federal Rules of Civil Procedure.

An appropriate order is entered.