**Colleen LEMKE et al., Plaintiffs,**
**v.**
**Barney BLACK et al., Defendants.**
**No. 74–C–144.**

United States District Court,
E. D. Wisconsin.

May 31, 1974.

Joseph M. Recka, Green Bay, Wis., for plaintiffs.

Donald J. Hanaway, Green Bay, Wis., for defendants.

## DECISION AND ORDER

REYNOLDS, Chief Judge.

The above-entitled action was brought by two graduating seniors of the Ashwaubenon High School and one of the student's father. The Defendants are members of the Board of Trustees of the Ashwaubenon School District, the Superintendent of Schools for the School District and the School District itself. The complaint alleges that the Defendants have violated the Plaintiffs' First Amendment rights by scheduling the 1974 graduation ceremony in a Roman Catholic Church. The matter is presently before me under Plaintiffs' motion for a preliminary injunction.

At the outset, the Plaintiff, Karen Popp has moved the Court by letter for permission to be dropped as a Plaintiff and her request is granted.

The parties have stipulated that the Ashwaubenon School Board as a municipal entity should be dismissed under the doctrine enumerated in City of Kenosha v. Bruno, 412 U.S. 507, 93 S.Ct. 2222, 37 L.Ed.2d 109 (1973). So it is ordered that the Ashwaubenon School Board be dismissed. I find that this Court has jurisdiction under 28 U.S.Code § 1343 and 42 U.S.Code § 1983.

I further find that the relevant facts are as follows: These facts have been filed with the Court under statements of uncontested facts submitted by Counsel. In case of doubt, I will accept the version of the facts submitted by the Defendants.

The Ashwaubenon High School graduation ceremony is the responsibility of the graduating seniors. The seniors determine where it will be held and they are responsible for paying for the ceremony. Attendance is voluntary and there are no sanctions imposed by the School Board against those students who decide not to attend.

I further find that the graduation ceremony is in itself a school function. Members of the School Board attend. They prepare the diplomas in advance and they participate in the passing out of the diplomas.

Prior to 1973, the graduation ceremony took place in the high school gymnasium or auditorium. In 1973, the senior class voted to hold their graduation at the Nativity Roman Catholic Church, in the Town of Ashwaubenon, Brown County, Wisconsin. This year's class again voted to hold the ceremony at the Church and it is scheduled to take place on June 6, 1974. In both years, some members of the school district voiced their opposition to conducting the ceremony in a church.

Having read all the briefs and considered the arguments of Counsel and the affidavits filed, and having reviewed the relevant case laws, I am convinced that the use of a church facility by a state agency for a secular purpose is not per se a violation of the Fifth Amendment. In this particular context, however, I believe it is.

All relationships between the state and religious institutions are not barred by the First Amendment. Walz v. Tax Commissioner, 397 U.S. 664, 90 S.Ct. 1409, 25 L.Ed.2d 697 (1970). Even when those institutions derive some benefit from their relationship with the state, the state's actions are not necessarily constitutionally invalid. id. As Mr. Justice Brennan stated in Abington School District v. Schempp, 374 U.S. 203, 83 S.Ct. 1560, 10 L.Ed.2d 844 (1963), the question this Court must pose "is whether the practice here challenged threatens those consequences which the Framers deeply feared; whether, in short, they tend to promote that type of interdependence between religion and state which the First Amendment was designed to prevent." That was his concurring opinion at 236.

The goal of the First Amendment concerning religion was succinctly stated by Justice Goldberg as follows: "The basic purpose of the religion clause of the First Amendment is to promote and assure the fullest possible scope of religious liberty and tolerance for all

and to nurture the conditions which secure the best hope of attainment of that end." *Schempp*, 374 U.S. 203, 305 (1963). Anything which promotes sectarian strife or divisiveness in a school and community obviously runs counter to the purposes of the First Amendment. I would like to note Lemon v. Kurtzman, 403 U.S. 602, 91 S.Ct. 2105, 29 L.Ed.2d 745 (1971). This is particularly true when the administration of public schools is involved. "It is implicit in the history and character of American public education that the public schools serve a uniquely *public* function: the training of American citizens in an atmosphere free of parochial, divisive, or separatist influences of any sort—an atmosphere in which children may assimilate a heritage common to all American groups and religions." *Schempp, supra* at 242 (Brennan J. concurring). It is, therefore, clear that any state activity which results in increased religious tension between public school students runs afoul of both the goals of the framers of the First Amendment and the historic purposes of public schools.

■■ As I have previously stated, the determination that a particular relationship between the state and church is unconstitutional must be made in light of the particular circumstances and specific context of the case. It was the context in which the decision to hold the commencement ceremony in a Catholic Church was made which renders it constitutionally defective. Some members of the Ashwaubenon School District had made it known that it violated their consciences to attend a ceremony in a Catholic Church. In light of an existing conflict, (the extent of which seems to be in debate but at least I find for purposes of deciding this motion that there is a conflict within the community over this issue,) an otherwise neutral decision can enflame sectarian feelings. The decision to hold a public school ceremony in a Catholic Church with knowledge that some prospective participants could not attend without violating their consciences cannot be allowed without a

showing that there is an overriding secular need to use those particular facilities. *Schempp, supra*, at 265 (Brennan J. concurring).

The fact that the students themselves plan the ceremony is not determinative. Graduation ceremonies are a normal and traditional function of the public schools of this state and nation. School administrators cannot allow an ordinary school function to be performed in an unconstitutional manner. They cannot delegate the responsibility for planning a public function to a nongovernmental body and allow that body to proceed in an unconstitutional manner.

■ It is also insignificant that a slight minority of students or members of the school district have objected. As Justice Brennan stated in *Schempp*, it did not "matter that few children had complained of the practice, for the measure of the seriousness of a breach of the Establishment Clause has never been thought to be the number of people who complain of it." 374 U.S. at 264. Perhaps the most obvious purpose of the religion clause of the First Amendment was to protect the rights of religious minorities to live within the dictates of their consciences to the greatest extent possible in an ordered democracy.

I am mindful of the fact that my decision is not consistent with Wood v. Lebanon School Dstrict, 342 F.Supp. 1293 (W.D.Penna.1972) which was cited in the Defendants' Brief. I disagree with the construction placed on the question in Wood v. Lebanon.

Despite the Defendants' contention, the voluntariness of the ceremony is not dispositive of the matter. Graduation is an important event for students. It represents official recognition of the successful completion of several years of scholastic endeavor and symbolizes transition into a more mature society than was previously available to the students. It is cruel to force any individual to violate his conscience in order to participate in such an important event in the individual's life.

Even more compelling than the inherent injustice of requiring an individual to decide between his conscience and participating in graduation ceremonies, is the fact that the decision is not truly voluntary. In the context of the school prayer issue, Justice Brennan cogently discussed the matter of voluntariness stating: "First, by requiring what is tantamount in the eye of teachers and schoolmates to a profession of disbelief, or at least of nonconformity, the procedure may well deter those children who do not wish to participate for any reason based upon the dictates of conscience from exercising an indisputably constitutional right to be excused. Thus the excusal provision in its operation subjects them to a cruel dilemma. In consequence, even devout children may well avoid claiming their right and simply continue to participate in exercises distasteful to them because of an understandable reluctance to be stigmatized as atheists or non-conformists simply on the basis of their request." Abington School District v. Schempp, 374 U.S. at 290. Those same pressures exist in the case at hand and the non-compulsory nature of the graduation ceremony is not sufficient to overcome the constitutional defect.

I am not finding either the Defendants or the students who planned the graduation were motivated by religious beliefs. Rather, the decision to hold a public function in a church was made in the midst of sectarian or religious opposition to that decision. The effect is to embroil a state agency in the dispute no matter what the agency's motives were. It is only natural that, under these circumstances, the religious dispute will eventually become politicized. Potential Board members' beliefs concerning this matter will become significant. If religious polarization increases the decision to hold, or not to hold the ceremony in a church will eventually lose its neutral quality and reflect the religious predilections of decision makers. As future members run for the Board, it may well become important—how they stand on this subject. "History cautions that political fragmentation on sectarian lines must be guarded against." Walz v. Tax Commissioner, *supra*, at 695 (Harlan J. concurring). This caution applies here.

This decision constitutes my findings of fact and conclusions of law in this matter.

 For the above reasons, I believe the Plaintiffs have a great likelihood of succeeding on the merits, they are suffering irreparable harm since their constitutional rights and freedom of religion are being impaired and they will suffer great irreparable harm if the ceremony scheduled at the Nativity Roman Catholic Church is not enjoined.

It is, therefore, ordered that the Defendants, that is the Superintendent of Schools and the members of the School Board, are restrained from conducting the graduation ceremony of the Ashwaubenon High School at the church involved.