108 F.3d 1384
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Thomas A. DeWITT; Stephen J. DeWitt, Plaintiffs-Appellants,
v.
Pete WILSON, Governor, and Anthony Miller, Secretary of
State of the State of California, Defendants-Appellees.
 No. 95-16627.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 6, 1996.
Decided March 7, 1997.
 
 Before RONEY,* BEEZER and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 This appeal is dismissed for failure of the plaintiffs-appellants to file a timely notice of appeal.
 
 
 3
 Timothy DeWitt and Peter DeWitt sued for declaratory and equitable relief in May 1993 alleging three separate causes of action. They challenged the constitutionality of (1) the California "term limits" statute which disqualifies from the ballot all who have represented California in The United States House of Representatives six or more of the previous eleven years, Cal.Elec.Code § 8700 (formerly § 25003(a)(1)); (2) the California "single-office-candidacy" statute which limits candidates to running for one office per election, Cal.Elec.Code § 8003(b) (formerly § 6402(b)); and (3) the new district lines drawn in January 1992 for California congressional and state legislative elections.
 
 
 4
 Claiming standing to bring the suit as California voters and potential office seekers, plaintiffs attacked the term limits and single-office-candidacy restrictions as violations of the Qualifications Clause of the United States Constitution, art. I, § 2, cl. 2. In an order dated September 7, 1993, the district court denied injunctive relief and dismissed those counts, Counts I and II, for lack of standing.
 
 
 5
 As to the challenge to the new districts on the ground that they were the result of race-conscious districting in violation of the Equal Protection Clause, the district court notified the chief judge of this court that a three-judge court was required to consider Count III, the redistricting count. See 28 U.S.C. § 2284(b)(1).
 
 
 6
 On May 17, 1994, the subsequently appointed three-judge court entered an order granting defendants' motion for summary judgment with respect to Count III, denying plaintiffs' motion for summary judgment, denying plaintiffs' motion for preliminary injunction, and directing the clerk of the court to enter judgment in favor of defendants. The clerk entered a separate judgment for the defendants that same day.
 
 
 7
 At that point the appellate jurisdiction from the disposition of the three counts was clear. Any appeal from the judgment resulting from the three-judge court disposition of the "redistricting" count had to be taken to the United States Supreme Court. 28 U.S.C. § 1253. Any appeal of the judgment resulting from the single district judge's decisions on the "term limits" count and the "single-office-candidacy" count had to be taken to this Court. 28 U.S.C. § 1291. The Supreme Court had no appellate jurisdiction over these decisions.
 
 
 8
 The fact that a three-judge court was properly convened in this case to consider the injunctive relief requested against the enforcement of the state statute, does not give [the Supreme] Court jurisdiction on direct appeal over other controversies where there is no independent jurisdictional base.
 
 
 9
 Perez v. Ledesma, 401 U.S. 82, 86 (1971). While a three-judge court arguably may have some discretion to choose to review related non-three-judge claims along with three-judge claims certified to it, the Supreme Court's direct appellate review jurisdiction is precisely circumscribed by 28 U.S.C. § 1253.
 
 
 10
 Not until July 31, 1995, however, well beyond the "within 30 days after the entry of the judgment or order appealed from" required by Federal Rule of Appellate Procedure 4, was any notice of appeal filed to this court. In the meantime, plaintiff pursued an appeal to the United States Supreme Court.
 
 
 11
 Within 30 days of the three-judge court order, plaintiffs filed a notice of appeal "pursuant to 28 U.S.C. § 1253" in the district court dated June 8, 1994. Although the notice did not expressly state the court to which the appeal was taken, as required by Federal Rule of Appellate Procedure 3(c), 28 U.S.C. § 1253 governs only appeals to the United States Supreme Court from orders of a three-judge court:
 
 
 12
 [A]ny party may appeal to the Supreme Court from an order granting or denying, after notice and hearing, an interlocutory or permanent injunction in any civil action, suit or proceeding required by any Act of Congress to be heard and determined by a district court of three judges.
 
 
 13
 Contrary to any argument plaintiffs make, the June 8, 1994 notice clearly cannot be construed as a notice of appeal to this court. Not only did the notice of appeal itself state that it was being filed under 28 U.S.C. § 1253, the plaintiffs plainly intended to appeal all three counts to the United States Supreme Court. The notice was filed in the district court for the Eastern District of California which forwarded the notice and related appeal documents to the Ninth Circuit. Plaintiffs' counsel stated at oral argument that he had called the Ninth Circuit clerk upon receiving notice that the appeal was being processed there and indicated that plaintiffs' had intended to appeal instead to the Supreme Court. In their response to this Court's order to show cause why we have jurisdiction, plaintiffs conceded that they "initially pursued a single final appeal of the determination of the district court ... to the U.S.Sup.Ct." The file was subsequently returned to the district court with a note that "this appeal is being returned for processing to U.S.S.Ct. 6/27/94." Plaintiffs then processed their appeal in the Supreme Court and did not file any documents with the Ninth Circuit.
 
 
 14
 In the appeal to the Supreme Court initiated by the June 8, 1994 notice, plaintiffs had urged the Supreme Court to take jurisdiction of the entire appeal and review the dismissal of their first and second counts, along with the redistricting count. The defendants noted in their jurisdictional statement with the Supreme Court that jurisdiction for any appeal from Counts I and II was in the Ninth Circuit, and suggested dismissal of the appeal on those counts.
 
 
 15
 By order dated June 29, 1995, the Supreme Court affirmed the three-judge court's judgment for defendants on the redistricting count and dismissed the appeal with respect to the questions directed to Counts I and II.
 
 
 16
 On July 31, 1995, defendants filed a notice of appeal to this court, dated July 28, 1995. This was filed in the district court, properly naming the parties to the appeal and expressly appealing the denial of preliminary injunction with respect to Count II and the final dismissal of Counts I and II, noting explicitly that the appeal was pursuant to Federal Rules of Appellate Procedure 3 and 4, the rules governing an appeal to this court from the district court. This was well beyond 30 days after the May 17, 1994 judgment in the district court, the last date the district court took any appealable action.
 
 
 17
 The plaintiffs seem to argue that not until the Supreme Court dismissed the appeal as to Counts I and II on June 29, 1995 was the district court's judgment as to those two claims ripe for appeal. We have found no controlling authority, however, that an appeal to a court without jurisdiction tolls the time for filing an appeal to the court with jurisdiction.
 
 
 18
 In some cases where it has determined that it lacks direct review jurisdiction over any issue in the case under 28 U.S.C. § 1253, the Supreme Court has vacated the judgment below and remanded with instructions to enter a fresh order so that a timely appeal can be taken. See Mengelkoch v. Industrial Welfare Comm'n, 393 U.S. 83 (1968); Wilson v. City of Port Lavaca, 391 U.S. 352 (1968); Pennsylvania Public Utility Comm'n v. Pennsylvania R.R. Co., 382 U.S. 281 (1965); Phillips v. United States, 312 U.S. 246 (1941). That was not done in this case. Therefore, there was no district court order in this case entered within the 30 days preceding the July 28, 1995 notice of appeal, the only notice filed to take an appeal to this Court.
 
 
 19
 A timely notice of appeal is jurisdictional. Munden v. Ultra-Alaska Assocs., 849 F.2d 383, 386 (9th Cir.1988). There is no discretion in this Court to accept an appeal without it. Because a timely notice of appeal to this Court was not filed, we do not have jurisdiction and must dismiss the pending appeal.
 
 
 20
 APPEAL DISMISSED.
 
 
 
 *
 The Honorable Paul H. Roney, Senior United States Circuit Judge for the Eleventh Circuit, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or used by the courts of this circuit except as provided by Ninth Circuit Rule 36-3