## UNITED AIR LINES, INC., Plaintiff–Appellee,

v.

## The DIVISION OF INDUSTRIAL SAFETY OF THE DEPARTMENT OF INDUSTRIAL RELATIONS of the State of California and the Occupational Safety & Health Appeals Board for the State of California, Defendants–Appellants.

### No. 79–4489.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 12, 1980.

Decided Dec. 2, 1980.

---

Michael Mason, Staff Counsel, Division of Occupational Safety & Health, San Francisco, Cal., for defendants–appellants.

Jean C. Gaskill and Kathleen Lucas–Wallace, Brobeck, Phleger & Harrison, San Francisco, Cal., on brief; Paul M. Tschirhart, Trial Atty., Chicago, Ill., for plaintiff–appellee.

Before ELY and FLETCHER, Circuit Judges, and HALBERT,* District Judge.

HALBERT, Senior District Judge:

The Division of Industrial Safety of the Department of Industrial Relations of the State of California ("Division") and the Occupational Safety and Health Appeals Board for the State of California ("Board") appeal from the district court's order granting United Air Lines' ("United") motion for a preliminary injunction preventing the Division and the Board from enforcing, or attempting to enforce, California's health and safety laws at United's operation and maintenance facilities at the San Francisco International Airport.[1]

It is Hornbook Law that federal jurisdiction must affirmatively appear in the complaint. *Phillips Petroleum Co. v. Texaco*, 415 U.S. 125, 127–28, 94 S.Ct. 1002, 1003–04, 39 L.Ed.2d 209, 212 (1974); *Pan American Petroleum Corp. v. Superior Court*, 366 U.S. 656, 662, 81 S.Ct. 1303, 1307, 6 L.Ed.2d 584, 589 (1961); *Home Federal Savings & Loan Ass'n v. Insurance Dep't of Iowa*, 571 F.2d 423, 425–26 (8th Cir. 1978). Jurisdiction does not appear in plaintiff's complaint in this case.[2] We reverse.

United asserts federal question jurisdiction founded on 28 U.S.C. §§ 1331, 1337. It

---

* Hon. Sherrill Halbert, Senior District Judge, United States District Court for the District of Eastern California, sitting by designation.

1. The order granting the Preliminary injunction has heretofore been stayed by this court pending the disposition of this appeal.

2. United has abandoned its earlier assertion of diversity jurisdiction; therefore, federal question jurisdiction is the sole basis upon which it relies in this appeal.

argues that the provision in the California Labor Code setting the Division's jurisdiction to enforce California's occupational health and safety laws depends entirely on an interpretation of federal law. California Labor Code § 6307 provides that:

The Division has the power, jurisdiction and supervision over every employment or place of employment in this state.

California Labor Code § 6303(a) defines "place of employment" as

any place, and the premises appurtenant thereto, where employment is carried on, except a place the health and safety jurisdiction over *which is vested by law in, and actively exercised by, any state or federal agency other than the Division.*

(emphasis added).

United contends that the Federal Aviation Act of 1958, 49 U.S.C. § 1301 *et seq.*, provides that the Federal Aviation Agency (FAA) shall exercise health and safety jurisdiction over United's operation and maintenance facilities, and that the FAA "actively exercises" that jurisdiction. United argues that the federal question as to the scope of FAA authority is decisive, and therefore that the requirements of federal question jurisdiction are satisfied.

■ This suit is plainly based on state law. The relief requested by United is that a federal court restrain the Division from enforcing state statutory law. Although it appears impossible to state with precision the test to be applied in determining whether an action arises under federal law, *see Town of Greenhorn v. Baker County, Oregon,* 596 F.2d 349, 351–53 (9th Cir. 1979); *Keaukaha–Panaewa Community Ass'n v. Hawaiian Homes Comm'n,* 588 F.2d 1216, 1224–27 (9th Cir. 1979), *cert. denied,* 444 U.S. 826, 100 S.Ct. 49, 62 L.Ed.2d 33 (1980); *Smith v. Grimm,* 534 F.2d 1346, 1349–50 (9th Cir. 1976), *cert. denied,* 429 U.S. 980, 97 S.Ct. 493, 50 L.Ed.2d 589 (1976), regardless of the formulation used, no federal question is present here. The controversy is based in state law, and United's argument primarily involves the interpretation of the state jurisdictional statute, California Labor Code § 6303(a). The federal issue of the scope of FAA authority is tangential to the task of construing the state statute and may not even be conclusive, since a state court could construe the "actively exercised by" language in section 6303(a) to mean something different from the limits of FAA jurisdiction.

■ In defining the Division's jurisdiction in section 6303(a), California has incorporated a body of federal law. We agree with the sentiments expressed by Justice Holmes' dissent in *Smith v. Kansas City Title Co.,* 255 U.S. 180, 215, 41 S.Ct. 243, 250, 65 L.Ed. 577, 591 (1921):

The mere adoption by a state law of a United States law as a criterion or test, when the law of the United States has no force *proprio vigore,* does not cause a case under the State law to be also a case under the law of the United States, and so it has been decided by this Court again and again.

*See also Moore v. Chesapeake & Ohio Ry.,* 291 U.S. 205, 54 S.Ct. 402, 78 L.Ed. 755 (1934); *Morris v. Danna,* 411 F.Supp. 1300, 1305–07 (D.Minn.1976), *aff'd* 547 F.2d 436 (8th Cir. 1977); 13 C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 3563 at 417–18 (1975).

■ Federal question jurisdiction under 28 U.S.C. § 1331 requires that a right or immunity created by the Constitution or the laws of the United States be an essential element of the plaintiff's claim. *Gully v. First Nat'l Bank in Meridian,* 299 U.S. 109, 112, 57 S.Ct. 96, 97, 81 L.Ed. 70, 72 (1936). *See also Powell v. McCormack,* 395 U.S. 486, 516, 89 S.Ct. 1944, 1961, 23 L.Ed.2d 491, 513 (1969); *King County v. Seattle School Dist.,* 263 U.S. 361, 363, 44 S.Ct. 127, 127, 68 L.Ed. 339, 341 (1923); *Starin v. Mayor of New York,* 115 U.S. 248, 257, 6 S.Ct. 28, 31, 29 L.Ed. 388, 390 (1885). It is not enough that a federal question appears in the complaint as an anticipation of or reply to a probable defense. *Phillips Petroleum Co. v. Texaco,* 415 U.S. 125, 128, 94 S.Ct. 1002, 1004, 39 L.Ed.2d 209, 212 (1974); *Skelly Oil Co. v. Phillips Petroleum Co.,* 339 U.S. 667, 673–74, 70 S.Ct. 876, 880, 94 L.Ed.

1194, 1200–01 (1950), or that the claim asserted is in the nature of a defense to a threatened or pending action. *Public Service Comm'n of Utah v. Wycoff Co., Inc.*, 344 U.S. 237, 248, 73 S.Ct. 236, 242, 97 L.Ed. 291, 298 (1952); *Home Federal Savings and Loan Ass'n v. Insurance Dep't of Iowa*, 571 F.2d 423, 426 (8th Cir. 1978). In the instant case, United is a defendant in the state court action to enforce citations issued by the Division, and has stated that it has asserted and will continue to assert jurisdictional defenses in that action. Therefore, United's allegations of federal question jurisdiction in this appeal remain defensive in nature, and it cannot assert its jurisdictional objections to the state court action as a basis for jurisdiction in the federal courts.

Under facts similar to those present in this appeal, the Eighth Circuit found in *Home Federal Savings and Loan Association v. Insurance Department of Iowa*, 571 F.2d 423 (8th Cir. 1978) that an action for declaratory relief did not state a federal question when the allegations of federal jurisdiction merely reiterated defenses brought up at prior administrative proceedings. *Id.* at 426. United's jurisdictional allegation of federal preemption was first raised as a defense to the Division's attempted enforcement of its citations; therefore, under the rationale of *Home Federal*, these allegations are insufficient to support jurisdiction in this court. *Accord, State of Washington v. American League of Professional Baseball Clubs*, 460 F.2d 654, 660 (9th Cir. 1972).

United's secondary allegation that the relief it seeks is too comprehensive to be granted in state court is without merit. *Moore v. Sims*, 442 U.S. 415, 424–27, 99 S.Ct. 2371, 2378–79, 60 L.Ed.2d 994, 1004–05 (1979).

Since there is no federal jurisdiction upon which this case can be bottomed, there is no reason for us to consider, and we do not consider, the issue of abstention extensively discussed by both parties.

The order of the district court granting a preliminary injunction in this case is reversed.