The MILLER–WOHL COMPANY, INC., Plaintiff,

v.

COMMISSIONER OF LABOR AND INDUSTRY, STATE OF MONTANA and Tamara L. Buley, Defendants.

No. CV–80–100–GF.

United States District Court, D. Montana, Great Falls Division.

June 8, 1981.

C. S. McCracken, Church, Harris, Johnson & Williams, Great Falls, Mont., Charles L. Fine, Clark, Hardy, Lewis, Fine & Pollard, Birmingham, Mich., for plaintiff.

Paul Van Tricht, Hearing Officer Labor Commission, Commissioner of Labor & Industry, Billings, Mont., J. Brian Bulger, James, Gray & McCafferty, Great Falls, Mont., Thomas W. Frizzell, Richard Buley, Tipp, Hoven, Skjelset & Frizzell, Missoula, Mont., for defendants.

## MEMORANDUM

HATFIELD, District Judge.

Plaintiff, The Miller-Wohl Company, Inc. ("Miller-Wohl"), has brought this action asking this court to declare that the Montana Maternity Leave Act, MCA §§ 39–7–201 through 39–7–209, violates the Equal Protection and Due Process Clauses, and is in conflict with and preempted by the Pregnancy Discrimination Act, 42 U.S.C. § 2000e(k). The parties have filed cross motions for summary judgment, and the matter is ripe for disposition. Jurisdiction vests in this court pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

Plaintiff, Miller-Wohl, is a Delaware corporation doing business nationwide and transacting business in Montana through four retail ladies apparel stores located in different Montana cities. Defendant Tamara Buley is a former employee of plaintiff's "Three Sisters" clothing store in Great Falls, Montana.

Miller-Wohl on August 1, 1979 hired defendant Buley as a sales clerk in its Three Sisters store in Great Falls. From August 1, 1979 to August 27, 1979, defendant Buley was absent from work on several days and was unable to perform her job duties on several other days because of pregnancy-related illness. The Three Sisters management fired plaintiff on August 27, 1979, for violating the rules set forth in its Employees Guide. The Employees Guide sets forth Miller-Wohl's employment policies and practices throughout all its stores nationwide, including its four stores in Montana. The Employees Guide provides in pertinent part as follows:

11. *SICK LEAVE*: All regular full-time employees *with one year seniority* are entitled to receive up to five days of sick leave with pay for legitimate illness incurred during the calendar year....

16. *LEAVES OF ABSENCE*: All employees, *after one year of seniority*, may receive a leave of absence in cases of protracted illness.

(emphasis added).

Because Ms. Buley had been employed by Three Sisters for less than one month, she did not have one year seniority and therefore was not entitled to either sick leave or a leave of absence in August, 1979.

After her discharge, Ms. Buley filed a complaint with defendant Montana Commissioner of Labor and Industry ("Commissioner"), alleging that she had been discharged from employment in violation of the Montana Maternity Leave Act ("MMLA"). The Commissioner is the person charged by statute with the duty to investigate complaints of and hold hearings on alleged violations of the MMLA.

The Commissioner held a hearing on Ms. Buley's complaint. The Commissioner

found that plaintiff Miller-Wohl's agents discharged Ms. Buley because she missed work due to "morning sickness", a pregnancy-related disability. The Commissioner found that plaintiff was an employer regulated by the MMLA and concluded that the discharge due to Ms. Buley's pregnancy-related disability violated MCA §§ 39–7–203(1) and 39–7–203(2) of the MMLA.

Those two subsections provide as follows:

It shall be an unlawful employment practice for an employer or his agent to:

(1) terminate a woman's employment because of her pregnancy;

(2) refuse to grant to the employee a reasonable leave of absence for such pregnancy;

MCA, §§ 39–7–203(1), 39–7–203(2).[1]

Plaintiff, Miller-Wohl, does not in this action claim that it did not violate the MMLA when it discharged Tamara Buley. Plaintiff, rather, contends that the MMLA is unconstitutional. Plaintiff argues that the MMLA requires it to treat women employees preferentially and therefore conflicts with the Pregnancy Discrimination Act, 42 U.S.C. § 2000e(k). Because the MMLA conflicts with the Pregnancy Discrimination Act, plaintiff argues, it is preempted by the federal law under the Constitution's Supremacy Clause, Art. VI, Cl. 2, U.S.Const. Plaintiff also claims that the MMLA violates the equal protection clause, is a state protective law constituting sex discrimination, and deprives it of property without due process.

*EQUAL PROTECTION*

Plaintiff claims that the MMLA violates the Fourteenth Amendment Equal Protection Clause because it gives mandatory preference to pregnant female employees, but does not take into consideration temporarily disabled males.

Plaintiff's statement of the classification which the MMLA makes is incomplete. The MMLA does single out pregnancy, a physical condition that only females can have. The MMLA, however, does not further protect either temporarily disabled males or temporarily disabled females. Merely because pregnancy is a physical condition singled out by the law does not necessarily make it a sex based classification or violate the Equal Protection Clause. *See, Geduldig v. Aiello*, 417 U.S. 484, 496–497 n.20, 94 S.Ct. 2485, 2491–2492 n.20, 41 L.Ed.2d 256 (1974).

First, under the Equal Protection Clause, as contrasted with the statutory Pregnancy Discrimination Act discussed *infra*, men and women are not treated unequally when pregnancy is the one physical condition given preferential treatment. Rather, by removing pregnancy-related disabilities as a legal grounds for discharge from employment, the MMLA places men and women on more equal terms. All workers, male or female, disabled for any reason other than pregnancy are still treated identically. Whether the disability or sickness is one that members of either sex could suffer—such as a broken leg or hepatitis—or is one that only members of one sex could suffer—such as an ovarian cyst or prostatitis—the MMLA still permits plaintiff to treat workers under its leave policy with equal severity. The MMLA merely makes it illegal for an employer such as plaintiff " . . . to burden female employees in such a way as to deprive them of employment opportunities because of their different role." *Nashville Gas Co. v. Satty*, 434 U.S. 136, 142, 98 S.Ct. 347, 351, 54 L.Ed.2d 356 (1977) (footnote omitted).

Moreover, the legislative history of the MMLA indicates that a major concern behind passage of the Act was sex-neutral. Proponents of the Act recognized that it is an economic fact of life that in many households both the husband and wife have to work. The MMLA would protect the right of husband and wife, man and woman alike,

---

1. Emphasis in MCA § 39–7–203(2) should be placed on the word "reasonable". A leave of absence of even one day might in some cases be excessive and therefore not be a "reasonable" leave of absence. For example, a woman may not be entitled to any leave under the MMLA in the early stages of a normal pregnancy that does not leave her either sick or disabled. What is reasonable is a question of fact in each case.

to procreate and raise a family without sacrificing the right of the wife to work and help support the family after her pregnancy. The MMLA therefore would insure that both men and women could choose together to raise a family without permanently relinquishing the necessary income of the working wife.

*PREGNANCY DISCRIMINATION ACT*

The Pregnancy Discrimination Act of 1978 is an amendment to Title VII of the Civil Rights Act of 1974. The Pregnancy Discrimination Act provides, in pertinent part, as follows:

> . . . [W]omen affected by pregnancy, childbirth or related medical conditions shall be treated the same for all employment-related purposes, including receipt of benefits under fringe-benefit programs, as other persons not so affected but similar in their ability or inability to work. . . .

Plaintiff's disability and sick leave policies are facially neutral and, on their face, comply with the Pregnancy Discrimination Act. The work policies deny leave to all first-year employees, regardless of sex, without regard to the cause of the disability or sickness.

The intent of Congress determines whether Title VII and the Pregnancy Discrimination Act preempt the MMLA. *See, Malone v. White Motors Co.*, 435 U.S. 497, 504, 98 S.Ct. 1185, 1189, 55 L.Ed.2d 443 (1978). When Congress passed Title VII and the Pregnancy Discrimination Act, it did not intend to completely occupy the field of employment discrimination to the exclusion of state laws. Rather, state laws on employment discrimination are constitutionally valid under the Supremacy Clause if they do not conflict with the requirements of Title VII. *See*, 42 U.S.C. § 2000e–7.

█ The MMLA does not require plaintiff to violate the Pregnancy Discrimination Act. The MMLA does mandate that employers such as plaintiff grant a reasonable leave to employees who are disabled due to pregnancy. Plaintiff, however, can comply with both the MMLA and the Pregnancy Discrimination Act by amending its policy for its Montana stores to allow reasonable leaves of absence to *any* first year employees who miss work due to any sickness or disability. Increasing the leave-time for employees disabled or sick for reasons other than pregnancy rather than decreasing the leave-time for problems arising from pregnancy is the method by which the Equal Employment Opportunity Commission has determined is the appropriate way to comply with Title VII. *See*, 29 C.F.R. § 1604.-10, Questions and Answers 19, 29 and 30.

Indeed, if plaintiff is sincere about its desire to comply with the Pregnancy Discrimination Act, amending its policy to provide leave for all first-year employees would be a way to insure compliance. Even facially-neutral leave policies such as plaintiff's may violate the Act if they are shown to have a substantially disparate impact on members of one sex. *See, Nashville Gas Co. v. Satty*, 434 U.S. 136, 138–143, 98 S.Ct. 347, 349–352, 54 L.Ed.2d 356 (1977). Thus, under Title VII as interpreted in *Satty*, plaintiff would still be subject to claims that its facially-neutral leave policy had a substantially disparate impact on pregnant women employees.

> Where the termination of an employee who is temporarily disabled is caused by an employment policy under which insufficient or no leave is available, such a termination violates the Act if it has a disparate impact on employees of one sex and is not justified by business necessity.

19 C.F.R. § 1604.10(c).

By amending its policy to grant reasonable sickness and disability leaves to all first-year employees in its Montana stores, plaintiff could insure compliance with both the MMLA and the Pregnancy Discrimination Act of Title VII.

*DUE PROCESS*

Plaintiff claims that forcing it to amend its leave policy in its Montana stores to extend leave benefits to all first-year employees would deprive it of property without due process of law in violation of the Fourteenth Amendment. This court does

not agree that the MMLA would result either in a taking of plaintiff's property, or that, if there were assumed to be a taking, it would be done without due process of law.

 First, plaintiff has not explained what property would be taken as a result of amending its leave policy to comply with the MMLA. The MMLA merely requires granting employees a reasonable leave of absence due to pregnancy. The MMLA does not require an employer to pay the employee who is absent from work. Nor is an employer required to create a new job for a returning pregnant worker. The MMLA merely requires the private employer to reinstate the pregnant employee unless "... the employer's circumstances have so changed as to make it impossible or unreasonable to do so." MCA § 39–7–204.

Second, even if compliance with the MMLA did result in added expense to plaintiff, plaintiff has not explained why it considers that a state law such as the MMLA deprives it of property "without due process of law." The MMLA was enacted by the Montana legislature in the exercise of its police power, and regulates all state businesses equally. *See*, MCA § 39–7–201(2).

> Most regulations of business necessarily impose financial burdens on the enterprise for which no compensation is paid. Those are part of the costs of our civilization.... [I]f our recent cases mean anything, they leave debatable issues as respects business, economic and social affairs to legislative decision.

*Day-Brite Lighting, Inc. v. Missouri*, 342 U.S. 421, 424–425, 72 S.Ct. 405, 407–408, 96 L.Ed. 469 (1952).

### STATE PROTECTIVE LAW

 Plaintiff correctly states that "protective" laws which disable women from full participation in business and employment are illegal. The MMLA, however, is not such a law. The MMLA does not disable women from participation in the job market, but rather aids their participation in the job market by insuring that they will not be fired solely because they become pregnant.

Because there exist no disputed issues of material fact and defendants are entitled to judgment as a matter of law, summary judgment shall be entered for defendants.

An appropriate order shall issue.