685 F.2d 1088
 30 Empl. Prac. Dec. P 33,024, 3 Employee
Benefits Ca 1833
The MILLER-WOHL CO., INC., Plaintiff-Appellant,
v.
COMMISSIONER OF LABOR AND INDUSTRY, STATE OF MONTANA, and
Tamara L. Buley, Defendants-Appellees.
Equal Employment Opportunity Commission, California Dep't of
Fair Employment & Housing, Employment Law Center,
and Equal Rights Advocates, Inc., Amici Curiae.
 No. 81-3333.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted July 9, 1982.
Decided Aug. 27, 1982.
 
 Charles L. Fine, Phoenix, Ariz., for plaintiff-appellant.
 Paul Van Tricht, Helena, Mont., argued, for Com'r of Labor.
 Richard R. Buley, Missoula, Mont., argued, for T. L. Buley; Tipp, Hoven, Skjelset & Fizzell, Missoula, Mont., on brief.
 Linda Krieger, San Francisco, Cal., for Dept. of Fair Employment.
 Karen MacRae Smith, Washington, D.C., for E.E.O.C.
 Appeal from the United States District Court of the District of Montana.
 Before WRIGHT, KILKENNY, and CANBY, Circuit Judges.
 EUGENE A. WRIGHT, Circuit Judge:
 
 
 1
 The Miller-Wohl Company fired Tamara Buley because she missed several days of work. Buley was pregnant. Her pregnancy-related illness caused her absences.
 
 
 2
 The company's employment policy permits no sick leave nor leave of absence for any illness during the first year of employment. Regardless what illness or condition causes a new employee's absence, he or she is discharged for missing work. The company claims it applies this policy consistently.
 
 
 3
 Two statutes are involved. The Montana Maternity Leave Act (MMLA) proscribes an employer's termination of a woman's employment or refusal to grant a reasonable leave of absence because she is pregnant. Mont.Code Ann. § 39-7-203(1), (2). And in Title VII, the Pregnancy Discrimination Act (PDA), 42 U.S.C. § 2000e(k) (Supp. II 1978), declares that pregnant women shall be treated the same as nonpregnant employees similar in their ability or inability to work.
 
 
 4
 Buley complained to the Montana Commissioner of Labor and Industry who concluded that the discharge violated the MMLA because Miller-Wohl fired her for pregnancy-related absences.
 
 
 5
 Miller-Wohl sued in district court for declaratory relief. It argues that the MMLA conflicts with the PDA because it requires an employer to treat pregnant employees preferentially. It asserts that Title VII preempts the application of the contrary state provision.
 
 
 6
 The company's argument rests on the plain language of the Pregnancy Discrimination Act, which reads:
 
 
 7
 The terms "because of sex" or "on the basis of sex" include ... pregnancy ...; and women affected by pregnancy ... shall be treated the same for all employment-related purposes ... as other persons not (pregnant) but similar in their ability or inability to work ....
 
 
 8
 42 U.S.C. § 2000e(k) (Supp. II 1978).
 
 
 9
 The PDA expressly requires employers to treat pregnant women the same as similarly able nonpregnant persons. Women who are disabled because they are pregnant must be treated the same as women or men who are disabled for any other reason. Because the Montana Act requires Miller-Wohl to treat its pregnant employees differently, the company argues, it violates Title VII.
 
 
 10
 Not unexpectedly, the Commissioner and Buley, defendants in Miller-Wohl's declaratory judgment action, and amici curiae, including the EEOC, argue that the MMLA does not fail under Title VII. They contend that, although the company's policy is facially neutral, it violates Title VII because it exerts a disparate impact based on sex. E.g., Dothard v. Rawlinson, 433 U.S. 321, 97 S.Ct. 2720, 53 L.Ed.2d 786 (1977). See also Abraham v. Graphic Arts International Union, 660 F.2d 811 (D.C.Cir.1981); 29 C.F.R. § 1604.10(c) (1981) (EEOC Guidelines). Because Title VII would require a leave policy to provide a reasonable period for pregnancy, the result achieved by the MMLA, they contend the two statutes do not conflict and both may apply.
 
 
 11
 The district court agreed and granted summary judgment against Miller-Wohl. It held that the company should provide a reasonable leave period for all first-year employees rather than permit no sick leave for pregnant employees. See 29 C.F.R. § 1604.10 (questions & answers 19, 29, 30) (1981).
 
 
 12
 However intriguing these arguments, we conclude this court lacks jurisdiction to decide the question. The federal claims contained in Miller-Wohl's declaratory judgment complaint are defenses to the employee's state claim. They fail to create the requisite federal question. See, e.g., Skelly Oil Co. v. Phillips Petroleum Co., 339 U.S. 667, 673, 70 S.Ct. 876, 879, 94 L.Ed. 1194 (1950); Guinasso v. Pacific First Federal Savings & Loan Association, 656 F.2d 1364, 1366 (9th Cir. 1981), cert. denied, --- U.S. ----, ---- - ----, 102 S.Ct. 1716-17, 72 L.Ed.2d 138 (1982).
 
 
 13
 The Declaratory Judgment Act, 28 U.S.C. §§ 2201-02, is procedural. It provides an additional remedy, but only in cases resting on some independent basis of federal jurisdiction. Alton Box Board Co. v. Esprit De Corp., 682 F.2d 1267 (9th Cir. 1982). Here, Miller-Wohl's anticipation of a federal defense to a state claim is insufficient to state that independent basis.
 
 
 14
 Buley's claim lies entirely within the Montana statute. That Miller-Wohl asserts a preemption defense, in the form of a declaratory judgment complaint, does not change its essential nature as a defense.[1] See Gully v. First National Bank in Meridian, 299 U.S. 109, 112-18, 57 S.Ct. 96, 97-100, 81 L.Ed. 70 (1936) (jurisdictional basis must appear in complaint).
 
 
 15
 Federal law does not impose a remedy by displacing state law, see 42 U.S.C. § 2000e-7, nor does it define rights, duties, or relationships upon which the state claim depends. See Guinasso, 656 F.2d at 1367 & n.7; cf. Franchise Tax Board of California v. Construction Laborers Vacation Trust, 679 F.2d 1307, at 1308 n.1 (9th Cir. 1982) (federal question requirement satisfied in state's action challenging a trust created under a federal statute and naming a fiduciary defined by and subject to duties contained in federal statutes).
 
 
 16
 All of Miller-Wohl's defenses that are federal in nature may be raised in its defense in the state courts. Indeed, they all are asserted in the company's petition for review of the Commissioner's determination that it violated the MMLA. Every issue pleaded in its federal complaint, as well as several defenses based solely on state law, appear in that complaint.
 
 
 17
 We vacate the district court's judgment, 515 F.Supp. 1264. It had no jurisdiction. Similarly, we dismiss this appeal because we have no jurisdiction to decide its merits.
 
 
 
 [1]
 Miller-Wohl also invokes the equal protection clause. That claim, like its statutory claim, is directed toward an anticipated application of the MMLA
 If any constitutional rights are directly affected, but see Geduldig v. Aiello, 417 U.S. 484, 94 S.Ct. 2485, 41 L.Ed.2d 256 (1974); General Electric Co. v. Gilbert, 429 U.S. 125, 97 S.Ct. 401, 50 L.Ed.2d 343 (1976), they are those of male employees, not of Miller-Wohl. The company asserts no federal claim of its own, constitutional or statutory, sufficient to confer jurisdiction under either 28 U.S.C. § 1343 or § 1331. See Maine v. Thiboutot, 448 U.S. 1, 8 n.6, 100 S.Ct. 2502, 2506 n.6, 65 L.Ed.2d 555 (1980).