**SOUTHERN PACIFIC TRANSPORTATION CO., Plaintiff-Appellant,**

v.

**PUBLIC UTILITIES COMMISSION OF the STATE OF CALIFORNIA, Defendant-Appellee,**

**State of California Department of Transportation, Intervenor-Defendant-Appellee.**

**No. 82–4466.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 11, 1983.

Decided Sept. 27, 1983.

Malcolm Dungan, San Francisco, Cal., for plaintiff-appellant.

Vincent MacKenzie, San Francisco, Cal., O.J. Solander, Sacramento, Cal., for defendant-appellee.

Before DUNIWAY, SNEED and FARRIS, Circuit Judges.

DUNIWAY, Circuit Judge:

Southern Pacific Transportation Co. appeals from the district court's judgment dismissing Southern Pacific's action seeking an injunction against enforcement of an order by the California Public Utilities Commission requiring Southern Pacific to run certain commuter trains within the state. The district court held that res judicata prevents consideration of Southern Pacific's argument that the Commission order is illegal because the order is preempted by federal law.

## I. *Facts.*

This dispute arises from orders of the California Commission requiring Southern Pacific to run weekday commuter trains

over its line between Oxnard and Los Angeles.

The Commission issued its first order on June 3, 1980. It required Southern Pacific to build several station platforms and parking lots and to run two trains each way every weekday. Equipment was to be provided by the county of Los Angeles and the state Department of Transportation (Caltrans), which had requested the commuter service. That order was stayed, however, and on September 23, 1980, the Commission issued another decision modifying the first order. The railroad petitioned for rehearing of the September order, and then on October 3, 1980 filed in the supreme court of California a petition for writ of review. That petition was docketed as No. S.F. 24220. It sought review of so much of the June order as was reaffirmed in the September order.

Early in 1981, the county of Los Angeles moved to withdraw as a complainant. On April 7, 1981, the Commission granted the county's motion. In two orders issued on that day, it also denied a motion by Southern Pacific to dismiss, and ordered the commuter service to begin. In response, Southern Pacific filed, on May 7, 1981, petitions for rehearing of the two April orders. The Commission stayed the portions of the orders demanding immediate construction of stations and parking lots, but on June 16, 1981, denied rehearing. Southern Pacific then, on July 16, 1981, filed in the state supreme court a second petition for a writ of review, this one referring to the Commission's April 7 and June 16 orders. The petition was docketed as S.F. No. 24316. On December 23, 1981, the state supreme court denied the two petitions for review without hearing or opinion. Southern Pacific did not seek review of the state supreme court's decision in the United States Supreme Court.

The Commission lifted the stay of its last order on June 2, 1982 and directed that the railroad begin construction of the station platforms and parking lots. In response, Southern Pacific filed in federal district court its complaint seeking declaratory and injunctive relief against enforcement of the Commission's order. Its complaint named the Commission as the only defendant, but the district court later granted Caltrans' motion to intervene as a defendant.

Southern Pacific argued, inter alia, that the Staggers Rail Act of 1980, Pub.L. 96–448, 94 Stat. 1895, section 214(a) of which amended 49 U.S.C. § 11501, preempted the Commission's jurisdiction over commuter service. The Staggers Act was enacted on October 14, 1980, during the early stages of the proceedings before the state Commission. It required that a state "authority" seeking to exercise "jurisdiction over intrastate rates, classifications, rules and practices" must apply, within 120 days, for certification to the Interstate Commerce Commission (ICC). 49 U.S.C. § 11501(b)(2). If, after applying certain standards, the ICC refused to certify a state authority, or if the authority did not apply for certification, the authority was forbidden to "exercise any jurisdiction over intrastate rates, classifications, rules and practices . . . ." *Id.,* § 11501(b)(4)(A).

California did not seek certification within the deadline under § 11501, and, on April 17, 1981, the ICC issued a decision stating, "States . . . that did not seek certification have lost all jurisdiction to regulate intrastate rail transportation." *Ex Parte* No. 388, 364 I.C.C. 881, 46 Fed.Reg. 23335, 23337 (April 24, 1981). In another order, issued May 4, 1982, the ICC explained that California had since asked it to assume jurisdiction. It stated, "Consequently, the [Interstate Commerce] Commission shall assume jurisdiction over intrastate rail transportation in [California] upon publication of this notice in the Federal Register." *Ex Parte* No. 388, 365 I.C.C. 700, 47 Fed.Reg. 20220 (May 11, 1982).

Southern Pacific argued before the district court that because the Staggers Act preempted all state jurisdiction over all intrastate rail service in California, the Commission's orders were invalid. The Commission argued in response that the Staggers Act preempted state authority only over intrastate freight service, not passenger

service. The district court did not reach the merits. It held instead that the California supreme court's denial of the petitions for review was res judicata as to the preemption issue. Summary judgment was entered against Southern Pacific.

## II. *Our Jurisdiction.*

We first consider whether Southern Pacific's action to enjoin enforcement of the Commission's order is a case "arising under" the federal Constitution or laws and thus is within the jurisdiction of the federal courts. 28 U.S.C. § 1331. This issue was not raised in the district court, and the parties argued it here only upon our instructions.

Southern Pacific's action to enjoin enforcement of the California Commission's order is based on its claim that federal law preempts the Commission's jurisdiction over passenger rail service. Thus, Southern Pacific sought to use preemption, which might have been its defense to a state court action to enforce the Commission's order, offensively in federal court to enjoin enforcement. Our order to the parties asked them to brief the issue of whether there is federal jurisdiction of such an action, citing *Miller-Wohl Co. v. Commissioner of Labor & Industry,* 9 Cir., 1982, 685 F.2d 1088.

*Miller-Wohl* was an action in federal district court by an employer seeking a declaratory judgment that federal law preempted a state law that the employer was accused of violating. We held that there was no federal jurisdiction of the employer's action because its claim was essentially a defense to the state court action. 685 F.2d at 1090–1091. *Accord Armstrong v. Armstrong,* 9 Cir., 1983, 696 F.2d 1237.

■ The plaintiffs in *Miller-Wohl* and *Armstrong* sought only declaratory judgments that federal law preempted the relevant state law. A decision by the Supreme Court since the date of oral argument in this case makes clear, however, that when a plaintiff seeks to *enjoin* state action because federal law preempts it, jurisdiction is proper. *Shaw v. Delta Air Lines, Inc.,* 1983, —— U.S. ——, fn. 14 at ——, 103 S.Ct. 2890 fn. 14 at 2899, 77 L.Ed.2d 490 (1983);

*Franchise Tax Board v. Construction Laborers Vacation Trust,* 1983, —— U.S. ——, ——–——, n. 20, 103 S.Ct. 2841, 2851–2852, n. 20, 77 L.Ed.2d 420 (1983).

In *Shaw,* plaintiffs filed actions for injunctive and declaratory relief in district court, alleging that the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001 *et seq.,* preempted certain state civil rights and disability payments statutes. In footnote 14, *id.* —— U.S. at ——–——, 103 S.Ct. at 2890 the Court held that federal jurisdiction existed:

> It is beyond dispute that federal courts have jurisdiction over suits to enjoin state officials from interfering with federal rights. See *Ex parte Young,* 209 U.S. 123, 160–162 [28 S.Ct. 441, 454–455, 52 L.Ed. 714] (1908). A plaintiff who seeks injunctive relief from state regulation, on the ground that such regulation is preempted by a federal statute which, by virtue of the Supremacy Clause of the Constitution, must prevail, thus presents a federal question which the federal courts have jurisdiction under 28 U.S.C. § 1331 to resolve. (citations omitted.)

*See,* to the same effect, *Construction Laborers Vacation Trust, supra,* —— U.S. at —— n. 20, 103 S.Ct. at 2852 n. 20.

■ Because Southern Pacific's complaint sought to enjoin enforcement of an order it claimed to be preempted by federal law, the case "arose under" federal law. 28 U.S.C. § 1331. *See Conference of Federal Savings & Loan Ass'ns v. Stein,* 9 Cir., 1979, 604 F.2d 1256, 1259, *aff'd mem.,* 1980, 445 U.S. 921, 100 S.Ct. 1304, 63 L.Ed.2d 754 (cross claim for injunction); *Rath Packing Co. v. Becker,* 9 Cir., 1975, 530 F.2d 1295, 1303–1306, *aff'd sub nom. Jones v. Rath Packing Co.,* 1977, 430 U.S. 519, 97 S.Ct. 1305, 51 L.Ed.2d 604. *United Air Lines, Inc. v. Division of Industrial Safety of the Department of Industrial Relations,* 9 Cir., 1980, 633 F.2d 814, appears to be to the contrary, but its holding on this issue, *id.* at 816–817, is disapproved by the rule recited in *Shaw.* See Justice White's dissent to the

denial of certiorari, 1981, 454 U.S. 944, 946–950, 102 S.Ct. 485, 486–488, 70 L.Ed.2d 255.

### III. *Res Judicata.*

■ The California supreme court denied writs of review of decisions of the California Commission. That is a denial on the merits and is to be given res judicata effect in federal courts. *The Pacific Telephone & Telegraph Co. v. Public Utilities Commission,* 9 Cir., 1979, 600 F.2d 1309, 1311–1312; *see* 28 U.S.C. § 1738. "Under res judicata, a final judgment on the merits of an action precludes the parties ... from relitigating issues that were or could have been raised in that action." *Allen v. McCurry,* 1980, 449 U.S. 90, 94, 101 S.Ct. 411, 414, 66 L.Ed.2d 308.

■ Southern Pacific does not dispute these general propositions, but argues that they do not apply here. Its principal argument, which it repeats in various forms, is that because the Staggers Act preempts state regulatory jurisdiction over intrastate railway service, it forbids any state court from ruling to the contrary. Southern Pacific misses the mark in two directions. First, it presumes its own interpretation of the Act—that the Act does indeed preempt state regulatory jurisdiction over all intrastate rail service. That, of course, is contrary to the state court decision to which we are considering giving res judicata effect. If res judicata applies, a fortiori, it defeats Southern Pacific's premise. Second, the railroad confuses a state's regulatory authority under the Act with a state court's authority to interpret the Act.

The Supreme Court in *Grubb v. Public Utilities Commission of Ohio,* 1930, 281 U.S. 470, 50 S.Ct. 374, 74 L.Ed. 972, made it clear that, where res judicata applies, a federal court must respect a state court's interpretation of federal law. In that case, a bus operator sued in federal court to enjoin a state utilities commission order. The federal court dismissed the action, holding it barred by the res judicata accorded a state supreme court decision issued while the federal suit was pending. The issue in both suits was whether the state commission's order violated the Commerce Clause. The bus operator argued that res judicata did not apply because the state court lacked subject matter jurisdiction. The Court stated:

> The [bus operator] relies on the commerce clause of the Constitution as in some way operating to commit to the federal courts and to withhold from the state courts jurisdiction of all suits relating to the regulation or attempted regulation of interstate commerce. This view of that clause is quite inadmissible. It has no support in any quarter, is at variance with the actual practice in this class of litigation, ... and is in conflict with the doctrine often sustained by this Court that the state and federal courts have concurrent jurisdiction of suits of a civil nature arising under the Constitution and laws of the United States, save in exceptional instances where the jurisdiction has been restricted by Congress to the federal courts.

281 U.S. at 475–476, 50 S.Ct. at 376–377 (citations omitted).

■ We applied the principle of *Grubb* in *Board of Trustees of Carpenters Pension Trust Fund for Northern California v. Reyes,* 9 Cir., 1982, 688 F.2d 671, to give res judicata effect to a California state court ruling on a preemption issue, and see no reason why we should not do the same here.

Nevertheless, Southern Pacific contends that *Grubb* does not require res judicata treatment of a California court's interpretation of the Staggers Act because the Interstate Commerce Commission has exclusive "subject matter" jurisdiction under the Act. It relies on the decision of a three-judge district court in *Pennsylvania Railroad Co. v. Sharfsin,* M.D.Pa., 240 F.Supp. 233, *vacated sub nom. Pennsylvania Public Utilities Commission v. Pennsylvania Railroad Co.,* 1965, 382 U.S. 281, 86 S.Ct. 423, 15 L.Ed.2d 324. The Supreme Court vacated the decision because a three-judge court was not required. Thus the decision of the three-judge court is a nullity.

■ Southern Pacific points to nothing in the Staggers Act giving federal *courts* exclusive subject matter jurisdiction over cases arising under the Act. For that reason, *Kalb v. Feuerstein,* 1940, 308 U.S. 433,

60 S.Ct. 343, 84 L.Ed. 370, and *Consolidated Rail Corporation v. Illinois,* Regional Rail Reorg.Ct., 1976, 423 F.Supp. 941, do not control. Absent such a grant of exclusive judicial subject matter jurisdiction, the Act is subject to state court interpretation. The case of *Chicago v. Atchison, Topeka & Santa Fe Ry. Co.,* 1958, 357 U.S. 77, 78 S.Ct. 1063, 2 L.Ed.2d 1174, is not in point for several reasons, the most readily apparent being that no state court there had interpreted the state's regulatory jurisdiction under a federal statute.

■ Southern Pacific further argues that a state administrative agency's decision should not be given preclusive effect when the agency lacks jurisdiction over the subject matter of the decision. However, it is not the *State Commission's* decision to which the district court gave res judicata effect, it was the decision of the *California supreme court.* For that reason, *Lightsey v. Harding, Dahm & Co.,* 7 Cir., 1980, 623 F.2d 1219, is not persuasive.

■ The railroad argues that res judicata cannot permit a state to violate the Supremacy Clause, any more than a common law doctrine or state statute can. Federal courts, however, are required by federal law to apply res judicata to state court decisions. 28 U.S.C. § 1738; *see Allen, supra,* 499 U.S. at 96, 101 S.Ct. at 415. Moreover, the cases upon which Southern Pacific relies, *Chicago & N.W. Transportation Co. v. Kalo Brick & Tile Co.,* 1981, 450 U.S. 311, 101 S.Ct. 1124, 67 L.Ed.2d 258, and *Texas & Pacific Ry. Co. v. Abilene Cotton Oil Co.,* 1907, 204 U.S. 426, 27 S.Ct. 350, 51 L.Ed. 553, are not in point because they concern state court claims for relief that were appealed to the Supreme Court and held by it to be preempted. These cases might have helped Southern Pacific in a direct appeal or petition to the Supreme Court of the decisions of the California supreme court. They go to the merits of the railroad's preemption claim, a subject we do not reach here.

[9] Southern Pacific argues in its reply brief for the first time on appeal that the state supreme court's denial of its petitions for review of the Commission's orders should not be given res judicata effect because the denial was not on the merits, but "purely procedural." It contends that state law required the California court to deny the petitions because (1) the Commission proceedings appealed from were not final, and (2) the Staggers Act preemption issue was not raised, and could not have been raised, before the Commission; therefore, the state court was not permitted to rule on it.

We need not consider the first argument because it was not raised below. *See Hamilton v. Firestone Tire & Rubber Co.,* 9 Cir., 1982, 679 F.2d 143, 146.

The second argument is that because Art. III, § 3.5 of the California constitution prohibits the Commission from entertaining the preemption issue, under Cal.Pub.Util. Code § 1732, the state supreme court could not have entertained the issue either.

Art. III, § 3.5 states that an administrative agency has no power:

(a) To declare a statute unenforceable, or refuse to enforce a statute, on the basis of it being unconstitutional unless an appellate court has made a determination that such statute is unconstitutional;

(b) To declare a statute unconstitutional;

(c) To declare a statute unenforceable, or to refuse to enforce a statute on the basis that federal law or federal regulations prohibit the enforcement of such statute unless an appellate court has made a determination that the enforcement of such statute is prohibited by federal law or federal regulations.

Cal.Pub.Util.Code § 1732 limits judicial review of Commission proceedings by providing:

The application [to the Commission] for a rehearing shall set forth specifically the ground or grounds on which the applicant considers· the decision or order to be unlawful. No corporation or person shall in any court urge or rely on any ground not so set forth in the application.

Thus, Southern Pacific contends that § 3.5 prohibited the Commission from considering the preemption question, that therefore the issue could not have been raised in an application for rehearing under § 1732, and that therefore the California

supreme court could not have considered it on review.

█ Section 3.5 did not prohibit Southern Pacific from stating its preemption claim to the Commission, however. It forbids the Commission from declaring any state statute unconstitutional or unenforceable, but it does not prohibit a party before the Commission from stating an issue in order to preserve it for review by the California supreme court. Moreover, Southern Pacific has pointed to no statute that the Commission would be striking down by recognizing any purported preemption of state authority by the Staggers Act.

Southern Pacific argues further that it could not have raised the Staggers Act issue before the Commission because, under the Act, the state was not divested of railroad authority until after the Commission's orders were issued. But Southern Pacific could have raised, and apparently did raise, the preemption issue in its motion for rehearing of the Commission's orders of April 7, 1981. The ICC stated on April 17, 1981, that California was without jurisdiction under the Staggers Act. *Ex Parte* No. 388, 364 I.C.C. 881, 46 Fed.Reg. 23335. Southern Pacific's petition for rehearing of the Commission's orders was not filed until May 7, 1981, and the railroad admits that that petition "referr[ed] in the process to the Staggers Act." Opening brief at 12.

Finally, Southern Pacific suggests that even if res judicata would otherwise be proper, this court should decline to apply it here for reasons of equity. But the only equitable concern the railroad puts forth is its contention, made repeatedly above, that the Staggers Act preempts state regulation of intrastate railroad service. As we have already explained, we cannot accept that premise, in view of the state supreme court's decision to the contrary which Southern Pacific did not take to the Supreme Court of the United States.

## IV.

[11] We feel compelled to note what appears to us to be a dereliction of duty to the court on the part of Southern Pacific's counsel. On its face, this court's decision in *United Airlines, Inc. v. Division of Industrial Safety, supra,* is contrary to Southern Pacific's contention that the district court had "arising under" jurisdiction, 28 U.S.C. § 1331. However, counsel did not mention it in their briefs. This, we suggest, is a breach of the duty imposed on counsel in the Code of Professional Responsibility DR 7–106(B)(1):

> In presenting a matter to a tribunal, a lawyer shall disclose ... legal authority in the controlling jurisdiction known to him to be directly adverse to the position of his client and which is not disclosed by opposing counsel.

We note that the law firm that represents Southern Pacific here also represented United Airlines in that case.

█ We are equally puzzled that counsel for the California Commission and Caltrans did not cite *United Airlines,* but we know of no rule of professional responsibility that requires a lawyer to cite to the court every case that supports the lawyer's position. We shudder to think what problems such a rule would create, in light of the enormous increase in reported decisions of this and other courts in recent years.

Affirmed.

SNEED, Circuit Judge, concurring:

In a very real sense this case reveals a series of missed opportunities on the part of appellant to have its preemption claims heard and decided. As it turns out, the appellant could have brought its suit to obtain an injunction in federal court following the enactment of the Staggers Act and prior to the California Supreme Court's denial of appellant's petition for review. Perhaps, but by no means certainly, it could have brought suit in federal court seeking only a declaratory judgment at that time also. At the time any decision to initiate such suit would have had to have been made, however, *United Air Lines, Inc. v.*

*Division of Industrial Safety of the Department of Industrial Relations,* 633 F.2d 814 (9th Cir.1980), presented a formidable obstacle to such a course of action. Justice White's dissent to the Supreme Court's failure to grant *United*'s petition for certiorari made plain that the Court clearly understood the scope of this court's holding. The footnotes in *Franchise Tax Board v. Construction Laborers Vacation Trust,* —— U.S. ——, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983), and *Shaw v. Delta Air Lines, Inc.,* —— U.S. ——, 103 S.Ct. 2890, 77 L.Ed.2d 490 (1983), now make clear that Justice White's views have prevailed and that *United Air Lines* no longer properly represents the law. The appellant, of course, must suffer for failing to urge at an earlier point in time that *United Air Lines* be overturned.

The missed opportunity that proves fatal, however, is the failure to present vigorously the preemption argument before the California Supreme Court and the failure to seek review by the Supreme Court of the United States. Having chosen to eschew recourse to the federal courts prior to termination of the state proceedings, although perhaps on the basis of a misapprehension of the law, the appellant must be subjected to the consequences of res judicata.